UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 409 |
| v. ) | |
| ) | Judge Nordberg |
| COOK COUNTY SHERIFF THOMAS DART, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**SHERIFF DART'S FRCP RULE 12(b)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

Defendant THOMAS DART, Cook County Sheriff ("Sheriff Dart"), by and through his attorney, ANITA ALVAREZ, Cook County State's Attorney and THOMAS CARGIE, Assistant State's Attorney, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves for this Court to dismiss Plaintiff's Complaint against him for failure to state a claim.

**INTRODUCTION**

Plaintiff George Fox ("Plaintiff") has brought this case claiming his constitutional rights were violated when he was subjected to a strip search and/or visual cavity search upon entering the Cook County Department of Corrections ("Jail") as a new detainee. Plaintiff has sued Sheriff Dart under Section 1983, alleging he violated Plaintiff's Eighth Amendment rights by maintaining this policy and practice for new detainees. Plaintiff seeks damages.

Plaintiff was a member of the class in *Young et al v. County of Cook et al*, 06 CV 0552, a class action lawsuit brought against Sheriff Dart for the same claim. The lawsuit was settled. Plaintiff failed to opt out of the class by the required opt-out date, but alleges he should not be prejudiced for this since it was due to his legal representation's failure to send the necessary

1

forms and information to do so. Further, Plaintiff alleges the civil rights claim he filed before the opt-out deadline constituted an opt-out from the class.

## SUMMARY OF ARGUMENT

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for a variety of reasons. First, because Plaintiff failed to opt out of the *Young* plaintiff class by the required out-out date, he was a *Young* class member and subject to the *Young* final order. In a letter to his Court (Dkt. #7), Plaintiff admits that he did not opt out of the *Young* case. Plaintiff is therefore barred from bringing future litigation against Sheriff Dart for the same claims as in *Young* because of res judicata. Moreover, pursuant to paragraph 50 of the *Young* settlement agreement, Plaintiff released all claims against Sheriff Dart. Plaintiff therefore may not bring any claims against Sheriff Dart in a separate cause of action. Finally, even if Plaintiff were to have opted out in a timely manner, his Complaint is vague and fails to state an action by Sheriff Dart that was unconstitutional. Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

## SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS

The following allegations are taken from Plaintiff's Complaint and Response (3/14/11), and are accepted as true for the purposes of this motion: Between January 30, 2004 and March 30, 2009, Plaintiff was subjected to a strip search and/or visual body cavity search as a new detainee at the Jail. (Complaint, ¶1). Plaintiff was a member of a class action lawsuit, *Young et al. v. County of Cook et al.*, brought against Sheriff Dart regarding the policy of strip searches at the Jail. (*See* Plaintiff's February 20, 2011 letter to the Clerk of the Court (Dkt. #7)). Plaintiff's legal representation for the class action suit, Loevy & Loevy Attorneys at Law ("Loevy"), failed to send Plaintiff a claim form at the Jail for the settlement of the class action, causing Plaintiff to

never receive a claim form. (*Id.*). Further, Plaintiff never "received the information containing the guidelines" or "dead line dates" for the *Young* lawsuit. (*Id.*).

The deadline to opt out of the *Young* settlement agreement was January 27, 2011—a fact that Plaintiff acknowledged in his February 20, 2011 letter to the Clerk of the Court. (Dkt. 7) Plaintiff also admitted there that he failed to opt out by that date. (*Id.*) Plaintiff alleges that due to Loevy's failure to provide Plaintiff with a claim form or information about the settlement agreement, Plaintiff "had no way of knowing about the dead line date of Jan, 27 2011." (*Id.*). According to Plaintiff, once he learned of the opt-out deadline from the Court on February 15, 2011, he wrote to Loevy informing them that he had opted out of the lawsuit. (*Id.*).

Plaintiff further notes that he "did file a Civil Rights action against [Defendant] Tom Dart on the date of January 14, 2011," seeking "compensation for being strip searched at the Cook County Jail after January 2004." (*Id.*). Thus, Plaintiff argues that he opted out of the *Young* class before the January 27, 2011 deadline. (*Id.*).

## STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

In determining the propriety of dismissal under Rule 12(b)(6), a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, courts need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. A claim for relief must contain sufficient facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Threadbare recitals of elements of a cause of action supported by mere conclusory

statements do make a claim sufficiently plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

## ARGUMENT

As explained below, Plaintiff's allegations, accepted as true, show that Plaintiff is subject to the *Young* settlement agreement and therefore released all claims against Sheriff Dart and is barred from litigating his claims against him by the doctrine of res judicata.

I. **THE DOCTRINE OF *RES JUDICATA* PRECLUDES PLAINTIFF FROM BRINGING CLAIMS AGAINST SHERIFF DART BASED ON HIS INTAKE STRIP SEARCH BECAUSE PLAINTIFF WAS A CLASS MEMBER IN *YOUNG*.**

A suit may be barred by the earlier settlement of another suit through the doctrine of res judicata. *Nottingham partners v. Trans-Lux Corp.*, 925 F.2d 29, 31 (1st Cir. 1991). When a class action suit settles, a class member who fails to opt out of the plaintiff class "receive[s] the benefits and accept[s] the detriments of the settlement." *In re VMS Ltd. Partnership Sec. Litig.*, 26 F.3d 50, 51 (7th Cir. 1994) (overruled on other grounds in *Envision Healthcare, Inc. v. Preferred One Ins. Co.*, 604 F.3d 983 (7th Cir. 2010)).Plaintiff's allegations, accepted as true, demonstrate that he was a member of the *Young* class and thus his suit against Sheriff Dart should be barred by the *Young* class settlement.

A. **Plaintiff is a Member of the *Young* Plaintiff Class Because He Failed to Opt Out by the Specified Out-Out Date.**

Rule 23(b)(3) governs class actions where monetary relief is the primary relief sought. *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 820 (7th Cir. 2011). In this type of class action, plaintiffs "are included in the case unless they opt out." *Ervin v. OS Rest. Servs.*, 632 F.3d 971, 973 (7th Cir. 2011); see Fed. R. Civ. P. 23(c)(2)(B).

In the instant case, Plaintiff was a class member in the class action lawsuit, *Young et al. v. County of Cook et al*. (Dkt #7). In *Young*, the plaintiff class brought suit against Defendants

4

Cook County and Sheriff Tom Dart for maintaining a policy of strip searches and/or visual body cavity searches during the initial admission process at the Jail. (*Young* Settlement Agreement, ¶2). Monetary damages were the primary relief sought. (*Id.* at ¶8). In this case, the allegations in Plaintiff's complaint mirror the language of the claim form that was sent to all class members in *Young*. Plaintiff has admitted in communication with this court that he was aware that the deadline to opt out of the plaintiff class in *Young* was January 27, 2011. (Dkt. #7). Plaintiff acknowledges that he did not attempt to opt out of the class until February 15, 2011, at the earliest. (*Id.*). Thus, because Plaintiff did not opt out of the *Young* class by the required date, pursuant to Rule 23(b)(3) he was included as a member of the *Young* plaintiff class.

## B. Plaintiff's Filing of a Civil Rights Action Against Sheriff Dart on January 14, 2011 Did Not Constitute an Opt-Out of the Class Action.

The *Young* settlement agreement requires "each potential member of the Settlement Classes who wishes to exclude [himself] from the Settlement Classes to submit an appropriate, timely request for exclusion. . .to the Claims Administrator." (*Young* Settlement Agreement, Docket Number 624-1). In the present case, Plaintiff claims that when he filed a civil rights claim against Sheriff Dart on January 14, 2011—thirteen days before the opt-out deadline—this "technically" represented an opt-out of the *Young* class (Dkt. #7). However, filing a new suit does not represent an appropriate request for exclusion. Plaintiff alleges neither that his civil suit ever requested exclusion from the *Young* class nor that it was submitted to Claims Administrator. As argued above, Plaintiff is bound by the *Young* settlement agreement. Because the filing of the civil suit did not meet the standards set forth in that settlement for opting out, it did not constitute an opt-out.

## II. PLAINTIFF RELEASED ALL CLAIMS AGAINST SHERIFF DART SINCE HE IS BOUND BY THE *YOUNG* SETTLEMENT AGREEMENT

### A. Plaintiff is Bound by the *Young* Settlement Agreement Because Plaintiff was a Member of the *Young* Class Action and Did Not Opt Out by the Required Opt-Out Date.

As stated in Section I(A) above, the *Young* class should be governed by Rule 23(b)(3) and Plaintiff should therefore be included as a *Young* class member for failing to opt out by the required deadline. Plaintiff's filing of a civil suit against Sheriff Dart before the *Young* opt-out deadline did not amount to an opt-out (*See* Section I(B) above). Further, *Young* settled pursuant to a "Final Order and Judgment" by the Court. (*Young et al. v. Cook County et al.*, 06 CV 0552, Dkt. #650 at ¶11). Since Plaintiff was a member of the *Young* class and the *Young* settlement was supported by a court ordered final judgment, Plaintiff should be bound by the *Young* settlement agreement.

### B. Plaintiff Released All Claims Against Sheriff Dart Pursuant to *Young* Settlement Agreement.

In *Young*, the Court's Final Order and Judgment stated that "each member of the Settlement Classes [has] conclusively compromised, settled, discharged, dismissed, and released all Released Claims against [Defendant Sheriff Tom Dart]." (*Young et al. v. Cook County et al.*, 06 CV 0552, Docket Number 650, ¶11). It further stipulated that the Final Order and Judgment governs "all members of the Settlement Classes who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for." (*Id.* at ¶12). Thus, regardless of whether Plaintiff successfully claimed money from the *Young* settlement, he released all claims against Sheriff Dart and may not bring a separate case against him.

### III. PLAINTIFF'S FACTUAL ALLEGATIONS AGAINST SHERIFF DART LACK THE SPECIFICITY AND FACIAL PLAUSIBILITY REQUIRED UNDER *BELL ATLANTIC V. TWOMBLY*.

Even if the Court finds that Plaintiff opted out of the *Young* settlement, Plaintiff's Complaint should still be dismissed for failure to state a claim. Plaintiff's allegations against Sheriff Dart are too vague to sufficiently state a claim. "[A] district court must retain the power to insist upon some level of specificity in pleading" when considering a motion to dismiss. See *Bell Atlantic Corp.*, 550 U.S. 544 127 S. Ct. at 1967, 2007 U.S. LEXIS 5901, *28 (quoting *Associated Gen Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 (1983)). A complaint must contain sufficient facts to make the claim "plausible on its face." 127 S. Ct. at 1974. A plaintiff is entitled to present arguments against dismissal based on facts in the complaint and the reasonable inferences therefrom. *Rogers v. Wexler*, 2002 U.S. Dist. LEXIS 5457, *5 (N.D. Ill. 2002)(Gottschall, J.). However, "at some point the factual details in a complaint may be so sketchy that the complaint does not provide the type of notice to which the defendant is entitled . . . ." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.2d 663, 667 (7th Cir. 2007). In the instant case, Plaintiff's allegations against Sheriff Dart are "sketchy" to the point that they lack any semblance of notice.

Plaintiff fails to state the specific date or time of the alleged strip search. His suggestion that the strip search happened "between the dates of January 30, 2004 and present" spans a roughly seven year period that is inadequate to satisfy the notice pleading requirement set forth by the Supreme Court. Further, Plaintiff's complaint that he was subjected to a strip search and/or visual body cavity search does not alone characterize a constitutional violation. See *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (internal quotation marks and citations omitted) (holding that "only those searches that are maliciously motivated, unrelated to

institutional security, and hence totally without penological justification are considered unconstitutional."); *Cherry v. Frank*, 125 Fed. Appx. 63, 66 (7th Cir. 2005) (holding that strip search involving body cavity search was constitutional because plaintiff could not show officer lacked penological justification). Because Plaintiff's Complaint lacks specificity and fails to identify how Sheriff Dart violated the Constitution, it should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

Plaintiff brings suit for allegedly being subject to a strip search and/or visual cavity search while incarcerated as the Jail. Plaintiff was a class member in the class action suit, *Young et al. v. County of Cook et al.*, which included Sheriff Dart as one of its defendants and also brought claims on the same strip search and/or visual cavity search issue. Because Plaintiff failed to opt out of the *Young* class by the required deadline, he remains a member of the *Young* class and is subject to the *Young* court-ordered settlement agreement. Therefore, Plaintiff is barred from bringing the current suit by res judicata. Further, pursuant to the *Young* settlement agreement, Plaintiff agreed to release all claims against Sheriff Dart. Finally, even if Plaintiff were not subject to the *Young* settlement, his Complaint is too vague to sufficiently state a claim. Accordingly, and for the reasons explained above, Plaintiff's Complaint against the Sheriff Darts should be dismissed in its entirety pursuant to Rule 12(b)(6).

WHEREFORE, Sheriff Dart respectfully requests that this Court dismiss Plaintiff's Complaint against them pursuant to Rule 12(b)(6) for failure to state a claim. Moreover, Sheriff Dart respectfully asks the Court to grant him leave to file this motion to dismiss *nunc pro tunc* to July 12, 2011, and to stay to the time for filing an answer to Plaintiff's Complaint until this motion to dismiss has been resolved.

        Respectfully submitted,
        ANITA ALVAREZ
        State's Attorney of Cook County

By:   /s/ Thomas Cargie
       One of her Assistants

Patrick T. Driscoll, Jr.
Chief, Civil Actions Bureau
Thomas Cargie
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4553