UNITED STATES DISTRICT COURT
NORTHERN DISTIRICT OF ILLINOIS
EASTERN DIVISION

GEORGE FOX

    Plaintiff

COOK COUNTY SHERIFF THOMAS DART

    Defendant

No. 11 C 409

Judge Nordberg

*Response: To defendants motion to dismiss*

FILED AUG 16 2011 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

I, George Fox, affirm the following under penalty of perjury:

1. I am the plaintiff in this action and I respectfully submit this affidavit/affirmation in opposition to the Motion to Dismiss dated July 15, 2011 made by Assistant Thomas Cargie and requesting the Honorable Count to substitute Nicholas Scouffas in his place as counsel of record.

2. I have personal knowledge of facts which bear on this motion.

3. The motion to dismiss should be denied because 1) Plaintiff submitted a Civil Rights action lawsuit against Defendant on January 14, 2011, by doing so, Plaintiff had already pursued an individual lawsuit against Sherriff Tom Dart and Cook County Jail for violating constitutional rights for being submitted to a body cavity strip search. 2) Loevy & Loevy neglected to send the notification of the Kim Young vs. County of Cook class action lawsuit to Plaintiff. Therefore Plaintiff was not aware of the necessity to return the application with Request for Exclusion from the Young class action lawsuit.

4. The motion to dismiss should also be denied on the basis of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the Supreme Court said that in considering a motion to dismiss, a pro se complaint should be held to less strict standards than a motion drafted by a lawyer.

5. The Facts of the matter is when Plaintiff filed the Civil Rights lawsuit against Sherriff Dart on January 14, 2011, he did not request to opt out by the required deadline of the Young Settlement Agreement because he was unaware of the Young Class Action lawsuit that was already in progress.

6. Regarding Plausibility of the Plaintiff's lawsuit against Sheriff Dart filed on January 14, 2011. Court Records would show dates and times that Plaintiff was subjected to body cavity strip searches between January 30, 2004 and March 30, 2009 and Plaintiff will willingly testify that the searches were maliciously motivated and without penological justification.

## CONCLUSION

Plaintiff respectfully request that the Court denies Motion to Dismiss because Plaintiff filed an individual lawsuit against Sheriff Dart and the Cook County Jail on January 14, 2011. Plaintiff did not receive notification from Loevy & Loevy to opt out by January 27, 2011. Plaintiff learned of the Young Class Action Suit thru the U.S. District Court, Plaintiff than wrote a letter to Loevy & Loevy notifying them he had filed an individual lawsuit on January 14, 2011 against Sheriff Tom Dart and the Cook Count Jail and that he wanted to Opt out of the Young class action suit.

WHEREFORE, the Plaintiff respectfully requests that the Court does not show prejudice against him due to the negligence of Loevy & Loevy to notify him of the guidelines or dead line dates for the Young lawsuit.

Respectfully Submitted,

*George Fox*

George Fox
320 Geneva
Bellwood, IL 60104
Home 708-649-9165

Cc: Anita Alvarez
States Attorney of Cook County

PROOF OF SERVICE

I, George Fox, hereby certify that I mailed a copy of the above notice, together with any documents referenced therein, to counsel listed above, on August 16, 2011 at or before 5:00 p.m.

*George Fox*
George Fox