UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 C 409 |
| v. | ) |
| | ) Judge Nordberg |
| COOK COUNTY SHERIFF THOMAS DART, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendants THOMAS DART, Cook County Sheriff ("Sheriff Dart"), by and through his attorney, ANITA ALVAREZ, Cook County State's Attorney and Nicholas Scouffas, Assistant State's Attorney, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves for this Court to dismiss Plaintiff's Complaint against him for failure to state a claim and replies to the Plaintiff's Response to Defendant's Motion to Dismiss as follows:

Plaintiff has failed to state a claim for which relief can be granted and his response to the Motion to Dismiss does nothing to establish a right to relief. It remains that the doctrine of *res judicata* prevents the Plaintiff from proceeding with his lawsuit. It remains that Plaintiff was a member of the *Young* class and as such released all claims against Defendant, Sheriff Thomas Dart, as part of the settlement agreement in the *Young* case. The Plaintiff's case must be dismissed.

Plaintiff's main argument in requesting this Court to deny the motion to dismiss is that he was ignorant of the lawsuit, *Young, et. al. v. Cook County, et. al.* (06 CV 0552). He further argues that the law firm of Loevy & Loevy was negligent in notifying him of the lawsuit.

However, in certifying the class, Judge Kennelly held that notice to the entire class had been established. (See *Young*, 06 CV 0552, CM/ECF Document 650, COURT ORDER March 4, 2011, para. 7). The Court found that

> "the Mailed Notice, Published Notice and Notice Plan implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated under the circumstances to apprise members of the settlement Classes of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to make a claim under the settlement; (iii) were reasonable and constituted dues, adequate, and sufficient notice to all persons entitled to recive notice; and (iv) met all applicable requirement of due process and federal law." *Id.*

A class cannot be certified under Rule 23(b)(3) until notice to all class members is established. Judge Kennelly ruled that it had been established in the above mentioned order and notice findings. The doctrine of *res judicata* prevents Plaintiff from revisiting that finding in this new lawsuit.

Plaintiff received notice of this lawsuit as established by the certification of the class in *Young*. He remains bound by the agreement entered in that case. As such, his claims, which fall directly in the bounds of the *Young* class, are barred.

Further, any negligence claims against Loevy & Loevy are not reasons to establish a right to relief in the present lawsuit. Litigants are bound by the advice and decisions of their competent counsel. *Berry v. Peterson*, 887 F.2d 635, 640 (5th Cir. 1989). If the Plaintiff's attorney was not competent, the issue should be litigated in a malpractice suit between the Plaintiff and his attorney and not as a means to circumvent his membership in the *Young* class. "If an attorney's conduct fails substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping a suit alive merely because the plaintiff should not be penalized for the omissions of his attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Link v. Wabash R.R. Co.*, 370 U.S.

2

626, 634, 82 S. Ct. 1386 (1986).

The Seventh Circuit has repeatedly held that settlement agreements will not be voided when a party, in an effort to undermine the agreement, claims their hired attorney failed to explain the terms of the settlement or did not act in their best interest. See *Baptist v. Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007), and *Riley v. Am. Family Mut. Ins. Co.*, 881 F.2d 368, 373 (7th Cir. 1989). Accusing counsel in the *Young* case of negligence does nothing to support the Plaintiff's right to relief in this case.

The class certification and settlement in *Young* have not been overturned or vacated. Plaintiff was a member of that class and failed to opt of it. (See Plaintiff's Complaint, CM/ECF Document 10, p. 4; Plaintiff's Response, CM/ECF Document 24, para. 5-6 and *Young*, 06 CV 0552, CM/ECF Document 650, COURT ORDER March 4, 2011, para. 7). Plaintiff benefitted equally from the settlement as every member of the class benefitted. As such, Plaintiff is barred from litigating his case in the present lawsuit.

WHEREFORE, the Defendants respectfully request that this Court dismiss Plaintiff's Complaint against them pursuant to Rule 12(b)(6) for failure to state a claim.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By: *s/Nicholas Scouffas*
     Nicholas Scouffas
     Assistant State's Attorney
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 603-3304