# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 409 | **DATE** | February 23, 2012 |
| **CASE TITLE** | George Fox vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [15] is granted. The dismissal is without prejudice to Plaintiff either seeking to file a late claim in *Kim Young v. County of Cook*, No. 06 C 552 (Kennelly, J.) or obtaining leave in that case to file a late opt out notice. The case before this court is closed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff George Fox, previously a Cook County Jail inmate, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart. Plaintiff states that he entered the jail as a new detainee several times after 2004, and that he was strip searched each time. (Complaint at 4.) Although his complaint is unclear as to the dates of the strip searches, he states in his response to Defendant's motion to dismiss that the searches occurred July 8, 2005, September 12, 2005, and April 17, 2007. (R. 31, Pl.'s Response.)

Currently before the court is a motion to dismiss filed by Defendant, Cook County Sheriff Tom Dart, to which Plaintiff has responded. For the following reasons, the court grants the motion.

Defendant contends that, because there is a class action suit involving strip searches for detainees entering the Cook County Jail between January 30, 2004, and March 30, 2009, *see Kim Young v. County of Cook*, No. 06 C 552 (N.D. Ill.) (Kennelly, J.)), Plaintiff is barred from bringing a separate suit unless he opted out of the class. Defendant is correct that, unless Plaintiff opted out, he may not proceed with a separate suit for claims that are covered by the class action case. *Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982); *Gates v. Towery,* 456 F. Supp. 2d 953, 963 (N.D. Ill. 2006); *see also Fontana v. Elrod*, 826 F.2d 729, 731-32 (8th Cir. 1987) (res judicata bars the bringing of a separate suit after the date to submit claims in a class action suit).

Accordingly, because Plaintiff's claims are covered by the *Kim Young* class, he cannot proceed with a separate suit unless he opted out. Plaintiff states in his response to the motion to dismiss that either (1) he was not required to opt out because he did not receive notice of the class; (2) the filing of the instant suit constituted notice of Plaintiff opting out of the class; or (3) he sent a letter to the class representative of the *Kim Young* suit upon being notified by this court of his need to opt out.

With respect to Plaintiff's contention that he sent a letter to the class representative, it is clear that such a letter was sent after the opt-out deadline date of January 27, 2011. The order notifying Plaintiff of the class action was issued on February 15, 2011, after the opt-out deadline. Although Judge Kennelly allowed some class members to file late notices of their desire to opt out, Plaintiff is not one of those class members, and it appears from the docket in *Kim Young* that Plaintiff never requested leave to submit a late opt-out notice. *See Kim Young*, No. 06 C 552, Doc. #646 (N.D. Ill. March 1, 2011) (Kennelly, J.).

**STATEMENT**

  As to Plaintiff's contention that he never received actual notice of the *Kim Young* suit, the requirement that individual notice of the class action be provided to potential class members does not mean that each member must receive actual notice. *Medina v. Manufacturer's & Traders Trust Co.*, No. 04 C 2175, 2004 WL 3119019, at *3 (N.D. Ill. Dec. 14, 2004) (Zagel, J.). "Due process does not require that every class member receive notice." *In re AT & T Mobility Wireless Data Services Sales Tax Litigation*, 789 F. Supp. 2d 935, 968 (N.D. Ill. 2011), citing *Burns v. Elrod*, 757 F.2d 151, 157 (7th Cir. 1985). "[I]t must be recognized that in any settlement there will be some class members who are difficult to locate and who may not receive timely notice of the settlement: the function of the filing deadline is to put a time limit on the claims procedure." *In re VMS Securities Litigation*, No. 89 C 9448, 1992 WL 203832 at *3 (N.D. Ill. Aug. 13, 1992) (Conlon, J.).

  Additionally, where the judge in the class action approved the settlement following a fairness hearing, directed that each class member be mailed notice, and determined that the best practical means of notice had been provided, courts generally do not require that each class member actually receive notice. *Purnell v. Sheriff of Cook County*, No. 07 C 7070, 2009 WL 1210651, *3 (N.D. Ill. May 4, 2009), citing *Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987) ("[A]n absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice."), citing 7B Wright, Miller & Kane, *Federal Practice and Procedure* § 1789, at 253 (2d ed.1986). In the *Kim Young* suit, Judge Kennelly approved the settlement following a fairness hearing and approved mailed notice, published notice, and a notice plan. *Kim Young*, No. 06 C 552, Doc. #650 (N.D. Ill. March 4, 2011) (Kennelly, J.); *see also* Doc. # 646 (N.D. Ill. March 1, 2011) (Kennelly, J.). Accordingly, Plaintiff's failure to receive actual notice of the class action does not excuse him from fulfilling the requirements to opt out of the class before proceeding with a separate suit.

  With respect to Plaintiff's contention that his complaint in this suit sufficed as his opt-out notice, "the pendency of a separate, individual action neither excuses a litigant from compliance with an applicable 'opt out' procedure in a related class action nor obligates any party or court to treat the litigant as unique or different in any respect from other potential class members." *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 641 (M.D. Fla. May 31, 2002), citing *Sloan v. Winn–Dixie Raleigh, Inc.*, 25 Fed.Appx. 197–98 (4th Cir. 2002); *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 996 (5th Cir. 1981); *In re Nat'l Student Mktg. Litig. v. Barnes*, 530 F.2d 1012, 1015 (D.C. Cir. 1976); *In re VMS Sec, Litig.*, 1992 WL 203832, at *3-4. Plaintiff's filing of this suit before the deadline for opting out does not constitute an effective notice of his desire to opt out.

  For the reasons stated above, it is clear that Plaintiff did not opt out of the *Kim Young* class prior to the deadline for doing so set in the *Kim Young* settlement, that Plaintiff did not seek leave to file a late opt-out notice, and that neither Plaintiff's filing of the instant suit nor his failure to receive actual notice excuses him from opting out of the *Kim Young* class. Accordingly, the court grants Defendant's motion to dismiss this suit. The dismissal is without prejudice to Plaintiff seeking to file in the *Kim Young* suit either a request to submit a late claim as a class member or a request to submit a late notice to opt out. If Plaintiff obtains leave to opt out by the *Kim Young* court, he may return to this court and file a motion to reinstate this case.